## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPE WATERMAN, INC., d/b/a SEA TOW CAPE & ISLANDS<br>   Plaintiff,<br>v.<br><br>M/V AVA PEARL (O.N. 1238374) her engines, boilers, tackle and appurtenances, etc.<br>   *in rem*, and<br><br>RHODE ISLAND FAST FERRY, INC.,<br>   *in personam,*<br>   Defendant. | C.A. No. |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, Cape Waterman, Inc. d/b/a Sea Tow Cape & Islands (hereinafter "Sea Tow") against the Defendants, M/V AVA PEARL (O.N. 1238374), her engines, boilers, tackle and appurtenances, *in rem*, (hereinafter the "AVA PEARL") and Rhode Island Fast Ferry, Inc., *in personam*, states as follows:

### Jurisdiction and Venue

1. Plaintiff brings this suit against the Defendants under the provisions of 28 U.S.C. §1333 as this is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. Venue lies within this District under the provisions of 28 U.S.C. §1391 as the AVA PEARL will be within the physical jurisdiction of this Court in Martha's Vineyard, Massachusetts and all facts relevant to the Plaintiff's claim occur within this district.

**Parties**

3. At all material times, Plaintiff, Sea Tow is a corporation with a principal place of business at 15 Seneca Way, Sandwich, Massachusetts.

4. At all material times, the *in rem* Defendant AVA PEARL is a 105 foot high speed catamaran passenger ferry, which will be within this district in Martha's Vineyard, Massachusetts.

5. At all material times, the *in personam* Defendant, Rhode Island Fast Ferry, Inc., is the Owner of the Vessel with a principal office located at 1347 Roger Williams Way, North Kingstown, Rhode Island.

**Statement of Facts**

6. On May 27, 2018, AVA PEARL left Oak Bluffs Harbor making her regularly scheduled 11:00 a.m. trip to Quonset, RI ("Trip").

7. During the Trip, AVA PEARL hit two big waves and the engines stopped and lost all propoulsion.

8. The area in which AVA PEARL hit the two big waves was in an area that the AVA PEARL had passed a few days earlier and observed a depth of 8 feet.

9. AVA PEARL draws 6 feet of water.

10. At that point of the Trip, AVA PEARL's engines lost all propulsion, she was just North of the Oak Bluffs entrance jetties at Lat/Long N 41°29.62, W 70°36.91.

11. At 1145 hours, AVA PEARL's Captain called "mayday, mayday, AVA PEARL, just outside of Oak Bluffs Harbor lost all propulsion."

12. AVA PEARL's crew deployed its anchor.

13. On this trip there were 75 passengers on board and 10 crew members.

14. At the direction of the Captain of the AVA Pearl, the 75 passengers and crew members put on life jackets.

15. Sea Tow owns and operates various salvage vessels including SEATOW DEFENDER, SEATOW RESPONDER, and SEATOW RHIB off of the coastal waters in Southeastern Massachusetts, including Cape Cod, Martha's Vineyard and Nantucket.

16. SEATOW DEFENDER got underway to AVA PEARL at 1149 hours and arrived on scene at 1207 hours.

17. The location of AVA PEARL from Sea Tow's GPS was the N 41°27.737 W 70°33.468.

18. Upon arrival, SEATOW DEFENDER had to make three passes by AVA PEARL in order to pass a tow line.

19. The GPS recorded plot on SEATOW DEFENDER shows AVA PEARL dragging its anchor.

20. AVA PEARL was in imminent danger of a rocky shoreline, old pilings and structures off of the beach area.

21. AVA PEARL's Captain hailed SEATOW DEFENDER and stated that the AVA PEARL anchor had slipped, that she was going to ground, and if the anchor slipped any more AVA PEARL would ground on the rocky shore.

22. SEATOW DEFENDER observed the weather conditions as rain and fog with 20-25kts of sustained winds with wind gusts of 35kts with 8 to 10 foot seas at the location of AVA PEARL which was now in the surf line.

23. Water depth observed by the Captain of SEATOW DEFENDER was 4 to 8 feet in depth around AVA PEARL.

24. In order to pass the towline to AVA PEARL, SEATOW DEFENDER had to pass between the surf line and the stern of AVA PEARL while keeping on top of the waves to keep enough water under SEATOW DEFENDER.

25. SEATOW DEFENDER took AVA PEARL under tow at approximately 1215 hours.

26. SEATOW RESPONDER and SEATOW RHIB vessel became involved at 1255 hours to provide additional assistance.

27. SEATOW DEFENDER towed AVA PEARL to the entrance of Vineyard Haven Harbor where Tug Sirius took AVA PEARL in a side tow at a location of N 41°28.02 W 70°35.359.

28. Sea Tow completed rendering services at 1619 hours when they assisted with the docking of the AVA PEARL.

29. AVA PEARL had more than a 1,000 gallons of fuel on board.

30. AVA PEARL is valued at $10,000,000.

31. AVA PEARL's Captain conferred with SEATOW DEFENDER's Captains after the passengers had disembarked.

32. During that conversation, it was very obvious that AVA PEARL's Captain was unable to utilize his right hand due to it being injured.

33. AVA PEARL's Captain could not shake the hand of the Captain of SEATOW DEFENDER.

34. During the conversation, AVA PEARL's Captain indicated that he needed surgery to correct the condition on his hand and that said condition existed before the Trip commenced.

35. AVA PEARL's Captain has had corrective surgery.

**Salvage Claim**

36. AVA PEARL was in a position of marine peril on May 27, 2018 as a result of its in operative engines, being exposed to dangerous weather conditions, dragging anchor and the AVA PEARL's Captain calling a mayday.

37. One of the US Coast Guard vessels on scene suggested offloading of passengers.

38. AVA PEARL Captain did not want to off load passengers in the sea conditions.

39. Sea Tow's services were voluntarily rendered and accepted by the Captain of AVA PEARL.

40. Sea Tow rendered salvage services to AVA PEARL for which it is entitled to a salvage award.

41. Sea Tow rendered salvage services to the AVA PEARL which prevented any fuel from spilling from the AVA PEARL thereby avoiding any environmental contamination.

42. Pursuant to Rule C of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Sea Tow is entitled to arrest AVA PEARL for purposes of satisfying its salvage claim for services provided in salvaging AVA PEARL, as well as any pre-judgement interest, attorneys' fees, and costs.

**Prayers for Relief**

WHERFORE, Plaintiff prays:

43. That a warrant for the arrest of M/V AVA PEARL (O.N. 1238374), her engines, boilers, tackle and appurtenances, *in rem*, and that the M/V AVA PEARL (O.N. 1238374), her engines, boilers, tackle and appurtenances, *in rem*, may be auctioned and sold to pay the demands aforesaid, with interest and costs, and to pay any and all other amounts required to be paid by Defendants to Plaintiff, with interest, fees and costs, and that Plaintiff may have such other and further relief as the court deems just and equitable;

44. That Judgment be entered in favor of the Plaintiff and against the Defendants, the M/V AVA PEARL (O.N. 1238374), her engines, boilers, tackle and appurtenances, *in rem*, and Rhode Island Fast Ferry, Inc., *in personam,* for the amount of the Plaintiff's salvage claim, together with interest, costs, and if allowed, attorneys' fees.

**VERIFICATION**

I, Ramsey Chason, being first duly sworn, deposes and says:

  I am the President of Cape Waterman, Inc. d/b/a Sea Tow Cape and Islands named in the above action; I have read the foregoing complaint and know the contents thereof and the same are true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters I believe it to be true.  Pursuant to 28 USC §1746, I, Ramsey Chason, declare under penalty of perjury that the foregoing is true and correct.

              _____
              Ramsey Chason, President
              Cape Waterman, Inc. d/b/a
              Sea Tow Cape and Islands


              Respectfully submitted,
              Cape Waterman, Inc. d/b/a
              Sea Tow Cape and Islands
              By its attorney,


              /s/ David S. Smith
              David S. Smith, Esq.
              BBO No.: 634865
              Farrell Smith O'Connell LLP
              27 Congress St., Suite 109
              Salem, MA 01970
              Tel: 978-744-8918
Dated: March 5, 2019       Fax: 978-666-0383
              e-mail: dsmith@farrelsmith.com

## VERIFICATION

I, Ramsey Chason, being first duly sworn, deposes and says:

I am the President of Cape Waterman, Inc. d/b/a Sea Tow Cape and Islands named in the above action; I have read the foregoing complaint and know the contents thereof and the same are true of my own knowledge, except as to those matters therein stated on information and belief, and as to those matters I believe it to be true. Pursuant to 28 USC §1746, I, Ramsey Chason, declare under penalty of perjury that the foregoing is true and correct.

Ramsey Chason, President
Cape Waterman, Inc. d/b/a
Sea Tow Cape and Islands

Respectfully submitted,
Cape Waterman, Inc. d/b/a
Sea Tow Cape and Islands
By its attorney,

/s/ David S. Smith
David S. Smith, Esq.
BBO No.: 634865
Farrell Smith O'Connell LLP
27 Congress St., Suite 109
Salem, MA 01970
Tel: 978-744-8918
Fax: 978-666-0383
e-mail: dsmith@farrelsmith.com

Dated: March 5, 2019