UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPE WATERMAN, INC. d/b/a SEA TOWCAPE & ISLANDS,<br><br>    Plaintiff/Defendant-In-Counterclaim,<br>v.<br><br>M/V AVA PEARL (O.N. 1238374), her engines, boilers,<br>tackle and appurtenances, etc., *in rem*, and<br>RHODE ISLAND FAST FERRY, INC.,<br><br>    Defendant/Plaintiff-In-Counterclaim,<br>    Third Party Plaintiff,<br>v.<br><br>M/V SEA TOW DEFENDER, her engines, boilers,<br>tackle and appurtenances, etc., *in rem*, the M/V SEA TOW<br>RESPONDER, her engines, boilers, tackle and<br>appurtenances, etc., *in rem*, and the M/V SEA TOW RHIB,<br>her engines, boilers, tackle and appurtenances, etc., *in rem*,<br><br>    Third Party Defendants,<br><br>CAPE WATERMAN, INC. d/b/a SEA TOW CAPE & ISLANDS,<br><br>    Fourth Party Plaintiff,<br><br>TISBURY TOWING & TRANSPORTATION CO., INC.,<br>*in personam* and Tug SIRIUS (O.N. 516500) her engines,<br>boilers, tackle and appurtenances, etc., *in rem*,<br><br>    Fourth Party Defendants. | Civil Action<br>1:19-CV-10523-LTS |

ORDER ON MOTION TO DISQUALIFY (Doc. No. 25)

September 18, 2019

SOROKIN, D.J.

Plaintiff Cape Waterman moves to disqualify Clinton & Muzyka's appearance in this action on behalf of Defendants M/V AVA PEARL and Rhode Island Fast Ferry, Inc. on the grounds that (a) Clinton & Muzyka also represent Fourth Party Defendant Tisbury Towing &

1

Transportation Co., Inc. in two actions before other sessions of this Court, and (b) the claims and defenses of Defendants may be directly adverse to those of Tisbury Towing. Doc. No. 25; Doc. No. 26.

Assuming without deciding that Plaintiff has standing to object to Defendants' choice of counsel[1], its motion to disqualify Defendants' counsel (Doc. No. 25) is nevertheless DENIED. Given the posture of the case, Plaintiff has not established that there is an actual conflict of interest between the Defendants and Tisbury Towing, and, in any event, both parties have waived the potential conflict of interest between them. See Doc. No. 38, Exh. A.

SO ORDERED.

    /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Defendants acknowledge that Kevlik v. Goldstein, 724 F.2d 844 (1st Cir. 1984) permits opposing parties to move for disqualification of attorneys without a showing that they are current or former clients of those attorneys or that they will suffer any particularized injury from the continued representation. Doc. No. 38 at 6. But they argue that Kevlik has effectively been overruled because it addressed the Model Rules of Professional Responsibility, which have not governed attorney conduct in this District since 1997 when the Supreme Judicial Court adopted the (more restrictive) Massachusetts Rules of Professional Conduct. Id. Defendants cite no case in this Circuit overruling Kevlik's holding regarding standing and there are several recent cases citing Kevlik without qualification. See, e.g., Cornwell Entm't, Inc. v. Anchin, Block & Anchin, LLP, 830 F.3d 18, 35 ("'Because the district court is vested with the power and responsibility of supervising the professional conduct of attorneys appearing before it,' we review the District Court's decision regarding disqualification of counsel for an abuse of discretion.") (1st Cir. 2016) (quoting Kevlik, 724 F.2d at 847); Hill v. Culebra Conservation & Dev. Auth., 599 F. Supp. 2d 88, 92 (D.P.R. 2009) ("In the First Circuit, a motion to disqualify is a proper method for an attorney to comply with his obligation to report ethical violations, including potential conflicts of interest, by other members of the bar.") (citing Kevlik, 724 F.2d at 848 for the proposition that plaintiffs have standing to bring their disqualification motion). Because it is not necessary to the determination of the issue before it, the Court does not decide but assumes that Plaintiff has standing to bring its disqualification motion.